HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAY L LAMB, SHARI D HULTBERG,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE CO, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, et al.,<br><br>Defendants. | CASE NO. C13-6063 RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendant LSI Title Agency, Inc.'s motion to dismiss (Dkt. #5), LSI's motion to deny joinder of non-diverse parties (Dkt. #16), and Plaintiffs' motion to remand (Dkt. #12). Plaintiffs allege that a 2009 non-judicial foreclosure sale of real property that they owned is void because the foreclosing entity did not have authority to foreclose on the property. They seek to invalidate the sale and request monetary damages.

**I.    BACKGROUND**

This is not the first time that Plaintiffs have sought a court order invalidating the 2009-foreclosure sale. On November 18, 2010, Plaintiffs filed a "Complaint for Quiet Title" in this

Court alleging that the named defendants had conducted an improper non-judicial foreclosure on the same real property at issue in the current case. *See* Case No. 10-cv-05856-RJB. The defendants in that action were Chicago Title Insurance Co., LSI Division; Mortgage Electronic Registration Systems, Inc. (MERS); The Bank of New York Mellon Trust Company; and GMAC Mortgage, LLC. Plaintiffs asserted claims under numerous federal statutes, the Washington Deed of Trust Act, and the Washington Consumer Protection Act. Among other things, they sought rescission of the foreclosure sale and statutory damages, including damages under the Washington Consumer Protection Act. Judge Bryan concluded that all of Plaintiffs' claims were meritless and dismissed them with prejudice. Plaintiffs did not appeal.

Plaintiffs filed their complaint in this action in Washington State court on November 12, 2013. Plaintiffs again alleged that the foreclosure sale violated the Washington Deed of Trust Act and Washington Consumer Protection Act. As before, Plaintiffs sought to invalidate the foreclosure sale and monetary damages under the CPA. Plaintiffs amended their complaint eight days later; the first-amended complaint did not add any defendants or change any of Plaintiffs' legal theories.

On December 12, 2013, MERS removed the action to this Court. LSI moved to dismiss Plaintiffs' claims one week later. LSI contends that Plaintiffs' claims are barred by *res judicata* and also notes that Plaintiffs did not join all of the required parties because the current property owners are not named defendants.

In response to LSI's motion, and without first obtaining leave from the Court, Plaintiffs filed an amended complaint on December 30, 2013 (Dkt. #10 and refiled as Dkt. #11). The

second-amended complaint[1] adds Christopher Olsen, Dana Olsen, and the Bank of New York Mellon Trust Company as defendants. The Olsens currently own the property and are Washington residents. Plaintiffs also removed their CPA claims from the second-amended complaint and, instead, asserted breach of contract and negligence claims. Plaintiffs then moved to remand the action to state court, claiming that their amendments divested this Court of its diversity jurisdiction. So, the Defendants moved to deny Plaintiffs' attempt to join the Olsens or, alternatively, to strike the second-amended complaint.

## II.   DISCUSSION

### A.   Jurisdiction

It is undisputed that the Court had diversity jurisdiction when this case was removed. Plaintiffs contend that they destroyed complete diversity and stripped this Court of its subject matter jurisdiction by adding the Olsens as defendants after removal. Plaintiffs claim that Fed. R. Civ. P. 15(a)(1) gives them the right to amend their complaint once as a matter of course, so they did not need to get the Court's permission before amending.

Rule 15(a)(1) allows a party to amend its pleading *once* without first obtaining permission from the court or the opposing party. Plaintiffs fail to explain why their amendment before removal does not count as their one amendment under Rule 15(a)(1). Moreover, Plaintiffs do not address 28 U.S.C. § 1447(e), which gives courts discretion to deny joinder of parties after removal that would destroy subject matter jurisdiction. Even if Plaintiffs had not already used their amendment as a matter of course, § 1447(e) controls over Rule 15(a)(1) when the two

---

[1] Plaintiffs' titled their complaint "First Amended Complaint . . ." even though they had already amended once before removal.

conflict.  *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1477 (3d ed. 2013); *see also Bevels v. Am. States Ins. Co.*, 100 F.Supp.2d 1309, 1312-13 (M.D. Ala. 2000); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.,* 916 F.Supp. 1024 (D. Nev.1996); *Whitworth v. Bestway Transportation Inc.,* 914 F.Supp. 1434 (E.D.Tex.1996); *Horton v. Scripto–Tokai Corp.,* 878 F.Supp. 902 (S.D.Miss.1995); *Lyster v. First Nationwide Bank Financial Corp.,* 829 F.Supp. 1163, 1165 (N.D.Cal.1993).

Nevertheless, Plaintiffs' amendments should be allowed "if justice so requires," or if a judgment would be deficient without the Olsens as named-defendants.  Other than arguing that they had an absolute right to amend, Plaintiffs contend that they should be allowed to add the Olsens as parties because LSI's motion to dismiss was based, in part, on their failure to do so. The Olsens are arguably necessary parties because their interest in the property would be jeopardized if Plaintiffs prevail on their claims and obtain the relief that they have requested. But, their interests are only implicated if the other defendants are found to be liable.  Thus, if Plaintiffs' claims against the other defendants are barred, then there is no possibility that the other defendants are liable and there is also no possibility that the Olsens' interests will be jeopardized.  Because claims against the other defendants can be resolved without the Olsens' involvement, neither the Plaintiffs nor the Olsens will be prejudiced if the Olsens are not named-defendants.

Additionally, even Plaintiffs acknowledge that LSI's motion primarily argued that the claims should be dismissed because they are barred by *res judicata*; LSI raised the Rule 19 failure-to-join issue only as an afterthought.  Indeed, the timing of Plaintiffs' second-amended complaint demonstrates their not-so-subtle attempt to avoid—or, more accurately, delay—the preclusive effect of their prior unsuccessful efforts.  Although leave-to-amend should be given

freely, in this case, justice requires that Plaintiffs not be allowed to amend their complaint. Accordingly, Plaintiffs' amendments are not allowed and their second-amended complaint (Dkt. #s 10 and 11) is **STRICKEN**.  This Court has jurisdiction to adjudicate Plaintiffs' claims.

    B.  **Plaintiffs' Claims are Barred by *Res Judicata***

    Plaintiffs contend that *res judicata* does not apply because Plaintiffs were not represented by counsel during the prior action, have learned additional facts after their prior action was dismissed, and after their prior action was dismissed the Washington Supreme Court issued three opinions interpreting the Washington Deed of Trust Act that they believe support their claims. None of these arguments factor into the application of *res judicata*.

    The doctrine of *res judicata* precludes re-litigation of claims that were raised in a prior action or could have been raised in a prior action.  *W. Radio Servs. Co., v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  An action is barred by *res judicata* when an earlier suit:  (1) involved the same claim or cause of action as the later suit; (2) involved the same parties; and (3) reached a final judgment on the merits.  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

    Here, Plaintiffs' prior action against these same defendants was dismissed with prejudice. The prior claims and the claims asserted in this action are identical in substance.  They are based on the same nucleus of facts, rely on the same evidence, seek redress under the same statutes, and request the same relief.  Plaintiffs' claims could have been, or were, brought in the prior action.  The prior action was against all of the named-defendants in this case and was dismissed with prejudice.  Plaintiffs' claims are, thus, precluded by *res judicata*.  LSI's motion to dismiss is **GRANTED**.

### III.   CONCLUSION

Plaintiffs' amended complaint that they first filed as Dkt. #10 is STRICKEN.  Plaintiffs' claims are precluded by *res judicata*, so LSI's motion to dismiss is **GRANTED**.  The prior case's preclusive effect applies to all of the defendants named in that case.  Accordingly, even though MERS did not join in LSI's motion, Plaintiffs' claims against MERS are also barred by *res judicata*, so they are also **DISMISSED**.

Dated this 10th day of March, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE